# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| HEATHER L. WHITE, individually and on behalf of similarly situated persons, | Case No. 18-11979 |
| Plaintiff, | |
| v. | |
| | Trial by Jury Demanded |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | |
| Defendant. | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Heather L. White, ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons, against Portfolio Recovery Associates, L.L.C. (collectively "Defendants"), for violating the Fair Debt Collection Practices Act.

2. Defendant violated the FDCPA by attempting to collect a debt that was discharged in Plaintiff's Chapter 7 Bankruptcy, *In re Heather L. White*, 14—53851-mbm (E.D. Mich. Bnkr.), informing, in part, Plaintiff that:

**Account Transferred to Litigation Department**

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4. Venue and personal jurisdiction over Defendants in this District is proper because:

   a. Plaintiff resides in Wayne County, Michigan; and

   b. Defendant's conduct at issue was directed to Plaintiff who is within the District.

## PARTIES

5. Plaintiff is a natural person who resides within the District.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

7. Portfolio Recovery Associates, L.L.C., is a limited liability corporation incorporated under the laws of the State of Delaware with its principal office located 120 Corporate Blvd, Ste. 100, Norfolk, VA 23502.

8. Portfolio Recovery Associates, L.L.C., uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

9. Portfolio Recovery Associates, L.L.C., is a business the principal purpose of which is the collection of any debts,

10. Portfolio Recovery Associates, L.L.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTS

11. Portfolio Recovery Associates, L.L.C., sent or caused to be sent the letter, a redacted copy of which is attached here as Exhibit A.

12. The subject letter, Exhibit A, contains a sixteen digit account number, which is a type of an account number that is commonly associated with a credit card, and the letter was addressed to plaintiff, not a business, and therefore, the account is a debt as defined by the FDCPA.

13. On August 28, 2014, Plaintiff filed for Chapter 7 Bankruptcy, *In re Heather L. White*, 14-53851-mbm (E.D. Mich. Bnkr.).

14. Bankruptcy filings are a matter of public record.

15. Prudent debt collectors do a bankruptcy scrub prior to attempting to collect a debt.

16. On information and belief, Portfolio Recovery Associates, L.L.C., did not preform a bankruptcy scrub prior to sending or causing to be sent the original letter, a copy of which is attached as Exhibit A.

17. Plaintiff received the subject letter, a redacted copy of which is attached hereto as (Exhibit A).

18. The subject letter, Exhibit A, prominently states:

**Account Transferred to Litigation Department**

(Exhibit A).

19. The statement

**Account Transferred to Litigation Department**

is an indication to the least sophisticated consumer that the account is being prepared to file suit on.

20. Upon receiving the letter, Exhibit A, Plaintiff was confused about her legal rights under the bankruptcy discharge and was concerned about being sued on the debt listed in the letter.

21. Plaintiff has experienced undue stress and aggravation.

## COUNT I
## ATTEMPTING TO COLLECT A DEBT DISCHARGED IN BANKRUPTCY

22. Plaintiff incorporates paragraphs 1-21 above herein.

23. The debt Defendant attempted to collect from Plaintiff was discharged in Plaintiff's Chapter 7 Bankruptcy prior to the date of Defendant's collection attempt.

24. As of the entry of the bankruptcy discharge, Plaintiff no longer owed the subject sixteen debts.

25. Defendant falsely represented that there was a balance owed the subject debs, thereby falsely representing to her the legal protections she had received from her bankruptcy discharge.

26. Defendant created the perception that it was processing the debt to sue Plaintiff upon.

27. Defendant's conduct amount to an abusive, unfair and unconscionable practice.

28. Plaintiff has a substantive right to be free from the attempted collection of a debt discharged in bankruptcy.

29. Plaintiff has a substantive right to be free from false and misleading statements implying that litigation could be brought on the subject debt.

30. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

31. Defendant's conduct of sending or causing to be sent the letter, Exhibit A, violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), and 15 U.S.C. § 1692f.

## CLASS ACTION

32. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance.

*Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

33. Pursuant to Rule 23 the above definition may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

34. Plaintiff brings this as a class action on behalf of all persons in Michigan, who from June 22, 2017 to June 22, 2018, were sent a letter in the form of Exhibit A, where the letter was not returned, where the debt sought to be collected was discharged in bankruptcy prior to the date the letter was sent.

35. On information and belief, there are more than 40 persons in Michigan, who from June 22, 2017 to June 22, 2018, were sent a letter in the form of Exhibit A, stating in part, "Account Transferred to Litigation Department" where the letter was not returned, where the debt was discharged in bankruptcy prior to the date the letter was sent.

36. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

37. The predominate question is whether attempting to collect a debt discharged in bankruptcy and/or that a debt discharged in bankruptcy is being "Transferred to Litigation Department" violates the FDCPA.

38. Plaintiff will fairly and adequately protect the interests of the putative class members.

39. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff requests that the Court to enter an order that this matter may proceed as a class action, appoint Plaintiff as the class representative and enter any incentive award deemed reasonable by the Court for Plaintiff's services as the class representative, find Defendant to have violated the Fair Debt Collection Practices Act and enter a judgment in favor of Plaintiff and a certified class for statutory damages, actual damages and attorney's fees and costs of suit as allowed by the FDCPA.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warner.legal

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188

(734) 397-4540 (TEL)
john@kelawpc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com