UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HEATHER L. WHITE, individually and
on behalf of similarly situated persons,

    Plaintiff,

vs.                                                                                                    Case No. 18-11979

PORTFOLIO RECOVERY ASSOCIATES,                                     HON. AVERN COHN
LLC.,

    Defendant.
_____/

# MEMORANDUM AND ORDER DISMISSING CASE[1]

## I. Introduction

This is a debt collection case brought under the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692. Plaintiff Heather White (White) is suing the defendant, Portfolio Assets Recovery LLC (Portfolio), for attempting to collect a debt that had previously been discharged as part of her bankruptcy proceeding. White says that she filed for bankruptcy in August of 2014 and sometime thereafter she received a letter from Portfolio seeking to recover a discharged credit card debt that was discharged in bankruptcy in violation of the FDCPA. White also seeks class action status to represent other similarly situated individuals.

---

[1] Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

After the complaint was filed and before the motion for class certification was filed, Portfolio offered White a Rule 68 offer of judgment. White accepted.

Before the Court is the issue of whether White's acceptance of the offer of judgment renders the case, including any class action, moot.[2] Portfolio says the case is over. The Court agrees. This case is DISMISSED.

## II. Discussion

Portfolio argues that acceptance of a Rule 68 offer of judgment moots the entire case, including the underlying class action where the offer was accepted prior to the filing of a motion for class certification. Another judge in the Sixth Circuit recently considered this issue. In <u>Wolschlager v. Law Offices of Mitchell D. Bluhm & Assocs., LLC</u>, 2017 WL 2257714 (W.D. Mich. May 18, 2017), the plaintiff filed a FDCPA action and also sought class action status. About a month after the complaint was filed, the plaintiff accepted the defendant's Rule 68 offer of judgment and obtained the maximum recoverable relief for his claims. Thereafter, the plaintiff's counsel filed a motion to certify a class with plaintiff as the named representative. Defendant filed a motion to

---

[2]The issue of White's acceptance of the offer of judgment was raised by the Court at the initial status conference. Prior to the conference, White filed a paper styled "Plaintiff's Acceptance of Individual Rule 68 Offer of Judgment" (Doc. 10) in which she argued that the case should still proceed as a class action despite accepting the offer of judgment. After the conference, Portfolio filed a paper styled "Defendant's Response to Plaintiff's Acceptance of Rule 68 Offer of Judgment" in which it argued that the case should be dismissed. (Doc. 14). White then filed a "Corrected Reply to Defendant's Response of Plaintiff's Acceptance of Defendant's Individual Rule 68 Offer of Judgment," responding to Portfolio's argument and contending that the case is still viable. (Doc. 19). Portfolio then filed a paper styled "Defendant's Supplement in Support of Its Response to Plaintiff's Acceptance of Rule 68 Offer of Judgment," continuing to argue that the case is moot in light of White's acceptance of the offer of judgment. (Doc. 20) The Court construes these papers as a motion to dismiss by Portfolio to which White has responded and Portfolio has replied.

dismiss, contending that the plaintiff's acceptance of the offer of judgment mooted the class claims. The district court agreed, noting that settlement of a claim moots a case and that "[t]he Sixth Circuit has held repeatedly that the mooting of a prospective named plaintiff's claim before the filing for class certification moots the case." Id. at *2 (relying on Brunet v. City of Columbus, 1 F.3d 390 (6th Cir. 1993); Gawry v. Countrywide Home Loans, Inc., 395 F. App'x 152 (6th Cir. 2010); Pettrey v. Enterprise Title Agency, 584 F.3d 701 (6th Cir. 2009), Montgomery v. Kraft Foods Global, Inc., 822 F.3d 304 (6th Cir. 2016)). The Court agrees with the district court in Wolschlager as to the state of the law in this Circuit regarding the effect of a settlement of a plaintiff's claim in a putative class action prior to certification. Applying controlling precedent, the case is moot.

White, however, argues that the case is not moot and falls within the "picking off" exception to mootness recognized by the Sixth Circuit in Wilson v. Gordon, 822 F.3d 934, 950–51 (6th Cir. 2016). The plaintiff in Wolschlager made the same argument which the district court rejected, saying:

> Wilson does not apply here, however. In Wilson, the District Court had actually certified a class, and the Defendant did not appeal the certification. The Court of Appeals made this point several times. . . . Unlike Wilson, this case does not involve a certified class, let alone one acquiesced in by the defense. Moreover, Wilson did not involve a voluntary settlement like this case.

Id. (internal citations omitted). Wilson has no application under the circumstances.

White's reliance on Compressor Eng'g Corp. v. Comfort Control Supply Co. No. 16-11726, 2016 U.S. Dist. LEXIS 115389 (E.D. Mich. Aug. 29, 2016) is also misplaced. Compressor dealt with an unaccepted Rule 68 offer of judgment. In that case, the unaccepted offer could not moot a case even regardless of whether a motion for class certification was pending at the time the offer was made.

3

In short, this case is identical to <u>Wolschlager</u>. White voluntarily accepted an offer of judgment before a motion for class certification was filed. As in <u>Wolschlager</u>, this moots the case, including any putative class action.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/23/2018
      Detroit, Michigan